**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADVOCATES FOR HIGHWAY AND AUTO SAFETY<br>    750 First Street NE, Suite 1130<br>    Washington, DC 20002 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| FEDERAL HIGHWAY ADMINISTRATION<br>    1200 New Jersey Avenue SE<br>    Washington, DC 20590 | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      This action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, arises from Plaintiff Advocates for Highway and Auto Safety's (Advocates) request to the United States Federal Highway Administration (FHWA) for agency records regarding the ET-Plus guardrail end terminal (ET-Plus end terminal) manufactured by Trinity Industries (Trinity). Advocates is a non-profit consumer advocacy organization dedicated to reducing deaths and injuries on the nation's highways. The ET-Plus end terminals have been linked to multiple deaths and injuries and, for that reason, were the subject of an FHWA investigation. Advocates sought information from the FHWA about the ET-Plus end terminals to inform the public about the dangers associated with the end terminals and to educate the public about the role of FHWA in carrying out statutory requirements and in developing and adopting policies that affect public safety relating to the ET-Plus end terminals. Defendant FHWA wrongly denied Advocates'

1

request for a full public interest fee waiver. Through this action, Advocates seeks a declaration that the FHWA has acted unlawfully by denying the fee-waiver request and an order requiring the FHWA to produce, at no cost to Advocates, records responsive to Advocates' FOIA request.

## PARTIES

2.      Plaintiff Advocates is a national, not-for-profit, educational and lobbying organization based in Washington, D.C., that works to improve the safety of automobiles and highways for the public.

3.      Defendant FHWA is an agency within the United States Department of Transportation (DOT). FHWA has possession of and control over the records Plaintiff seeks.

## JURISDICTION

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(A)(vii), (a)(4)(B).

## FACTS

**Background**

5.      Trinity manufactured and sold the ET-Plus guardrail end terminal for use as a safety device on the nation's highways. The ET-Plus end terminal is intended to absorb and dissipate the energy of a vehicle when it hits a guardrail: When a vehicle hits the impact plate, the ET-Plus end terminal is supposed to move away from the vehicle, flattening and feeding the guardrail through a guide channel away from the vehicle and the road. *See* FHWA, *Guardrail 101*, www.fhwa.dot.gov/guardrailsafety/guardrail101.pdf. FHWA approved the ET-Plus end terminal for use on the nation's highways, and the United States government has paid, in part, for thousands of ET-Plus end terminals to be installed throughout the country.

2

6.     In 2012 to 2013, FHWA received inquiries from a competitor of Trinity and a number of states relating to highway crashes involving ET-Plus end terminals. The competitor alleged that Trinity had reduced the guide channel of the ET-Plus end terminals without submitting this design modification to the FHWA. *See* www.fhwa.dot.gov/guardrailsafety/history.cfm ("FHWA Guardrail History"). The competitor and state transportation officials submitted evidence to the FHWA that the ET-Plus end terminals were making accidents worse: in several accidents, the guardrail became jammed in the guide channel of the ET-Plus end terminal, preventing the guardrail from functioning properly and, in some cases, causing the guardrail to spear or impale the vehicle.

7.     In partnership with the American Association of State Highway and Transportation Officials (AASHTO), FHWA began an investigation into the ET-Plus end terminal and published a request for information and data in the *Federal Register*. *See* FHWA Guardrail History; ET-Plus Guardrail End Terminal Request for Info., 79 Fed. Reg. 77,595 (Dec. 24, 2014).

**Advocates' FOIA Request**

8.     On November 13, 2014, Advocates sent a FOIA request to FHWA seeking "all records regarding—[1] changes to the design of the end terminal; [2] research conducted regarding the end terminal; [3] testing of the end terminal; [4] communications from Trinity to FHWA employee Nicholas Artimovich regarding the end terminal; [5] communications by FHWA employee Nicholas Artimovich to Trinity or others regarding the end terminal; [and 6] all records of communications to or from FHWA employees and FHWA contractors regarding the end terminal." Exhibit 1 at 1.

9.      Pursuant to 5 U.S.C. § 552(a)(4)(A), Advocates' FOIA request included a request for a waiver of any fees associated with processing its FOIA request, as the records would "be used solely to inform Congress and the public regarding the FHWA's conduct in relation to the ET-Plus guardrail end terminal and the manner in which the agency implements important statutory policy requirements." Exhibit 1 at 2. Advocates explained that it was a "not-for-profit, consumer advocacy organization" that would make no commercial use of the records. *Id.*

10.     Advocates' fee-waiver request further explained that "Advocates is a nationally recognized public interest organization" that "engages in research and analysis of motor vehicle and highway safety issues and data, and disseminates this information to the public, the media, and Congress." *Id.* at 3. It explained that Advocates is "dedicated to reducing the number of deaths and injuries and the societal cost of motor vehicles crashes on our nation's highways" and that Advocates "addresses both vehicle safety . . . and highway safety issues of major concern to the public" by: disseminating informational and educational materials to the public, Congress, and other organizations; "[p]roviding the public with insight and understanding of the operations, activities, and processes of government regarding highway and auto safety;" supporting automobile and highway safety legislation; encouraging agency action to improve highway and auto safety; presenting speeches before transportation organizations and publishing articles in journals and magazines; and participating in transportation organizations and safety coalitions. *Id.* Advocates explained that the requested records regarding the ET-Plus would "inform the public about the role of federal government, the Department of Transportation and the FHWA in carrying out statutory requirements and in developing and adopting policies that impact public safety and the highway environment including guardrails and highway appurtenances." *Id.* at 4.

4

11.     On December 15, 2014, FHWA granted in part and denied in part Advocates' request for a fee waiver. FHWA granted Advocates' request for a fee waiver for the first three categories of information sought. *See* Exhibit 2 at 1-2. FHWA denied Advocates' request for a fee waiver for the other three categories of information—categories four through six—regarding communications to or from FHWA employees about the ET-Plus end terminal. *Id*. Regarding those categories, FHWA informed Advocates that its FOIA request failed to satisfy the second factor of DOT fee-waiver requirements—that is, "[t]hat the disclosure is likely to contribute to an understanding of Federal Government operations or activities." *Id*. at 1-2 (quoting 49 C.F.R. § 7.43(c)(2)). FHWA also indicated that it had already made some requested information available to the public. *Id.* FHWA specified that the fee for searching for and duplicating records responsive to categories four through six would be $9,250. *Id.*

12.     On January 16, 2015, Advocates appealed the partial fee-waiver denial. Advocates explained that the fee of $9,250 would be "prohibitive for a small public interest organization such as Advocates." Exhibit 3 at 1. Advocates pointed out that the second three categories—which included government employees' communications about the ET-Plus end terminal—"directly relate[d] to how the agency performed its oversight duties as [they] pertain[] to a piece of equipment placed on our nation's highways that has been linked to multiple deaths and injuries." *Id.* Further, the requested records would "show the specific actions or inaction FHWA employees engaged in regarding the issue of the safety of the end terminal" and would inform the public about the role of DOT and FHWA "in carrying out statutory requirements and in developing and adopting policies that impact public safety and the highway environment." *Id.* at 1-2. Finally, Advocates explained that the documents FHWA indicated it had made public did

not relate to categories four through six of the request—communications of FHWA employees and contractors. *Id.* at 1.

13. On February 3, 2015, FHWA denied Advocates' appeal. Exhibit 4. FHWA stated that Advocates had not shown how the requested information would contribute significantly to the public's understanding of government operations, had not provided "sufficient detail" in its request, had not shown the "connection between the material sought and a matter of genuine public concern," and had failed to "identify any specific allegation of malfeasance, much less error, to warrant [the] search at public expense." *Id.* at 2-4, 6 (citing 49 C.F.R. § 7.43(c)(2), (4)). FHWA also added the new objection that Advocates' request "fail[ed] to demonstrate with particularity how [it would] communicate [the requested] information to the public." *Id.* at 4.

14. On February 20, 2015, FHWA provided in full records responsive to categories 1-3 of Advocates' FOIA request. Exhibit 5 at 1. FHWA informed Advocates that FHWA would not search for or process records responsive to Advocates' FOIA request categories 4-6 because FHWA had denied Advocates' fee-waiver appeal. *Id.*

## CLAIMS FOR RELIEF

15. Under 5 U.S.C. § 552(a)(4)(A)(iii), Advocates is entitled to a full public interest waiver of fees that otherwise would be assessed in conjunction with its request, and FHWA has not provided a valid legal basis to deny in part Advocates' request for a fee waiver. The denial of Advocates' request for a full public interest fee waiver violates FOIA.

16. Advocates has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested. No legal basis exists for the failure by FHWA to disclose the records to Advocates.

WHEREFORE, Plaintiff requests that this Court

A.      Declare unlawful Defendant's failure to grant a full fee waiver in connection with Plaintiff's FOIA request;

B.      Declare that the withholding of the requested records by Defendant FHWA in response to Advocates' FOIA request is unlawful;

C.      Order Defendant to grant Plaintiff a fee waiver in full and to search for and copy records responsive to items 4-6 of Advocates' FOIA request at no cost to Advocates;

D.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.      Grant all other appropriate relief.

Respectfully submitted,

/s/      Kathryn L. Einspanier
Kathryn L. Einspanier (D.C. Bar No. 991004)
Adina H. Rosenbaum (D.C. Bar No. 490928)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
202-588-1000

Peter Kurdock (D.C. Bar No. 1004592)
ADVOCATES FOR HIGHWAY AND AUTO SAFETY
750 First Street NE, Suite 1130
Washington, DC 20002

*Attorneys for Advocates for Highway and Auto Safety*

Dated: June 16, 2015